******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

S. B-R. *v.* J. D.*
(AC 43256)

Alvord, Alexander and Eveleigh, Js.

*Syllabus*

The plaintiff, a college student, obtained an order of civil protection as to the defendant, a fellow student. The trial court found that the plaintiff, who had been subjected to disturbing comments by the defendant via e-mail and text messages as well as in person, including that he wanted to jump on her back in rage, had a reasonable fear for her physical safety. Accordingly, the court issued the order of civil protection as to the defendant pursuant to statute (§ 46b-16a). On the defendant's appeal to this court, *held* that the trial court abused its discretion in issuing the order of civil protection: the court failed to conduct the necessary analysis when it applied only the subjective standard to the plaintiff's apprehension of fear, rather than the required subjective-objective standard of reasonable fear, and improperly determined that the plaintiff's subjective apprehension was sufficient to make the necessary determination for stalking pursuant to § 46b-16a; moreover, there was insufficient evidence for the court to conclude that the defendant would continue to stalk or to commit acts designed to intimidate or retaliate against the plaintiff, as the plaintiff testified that there had been no communications between the defendant and her for several months preceeding the hearing, the defendant testified that he had withdrawn from the college for a semester and had walked away without approaching or speaking with the plaintiff the only time he saw her, and the testimony that both students would be returning as students to the college did not alone establish reasonable grounds to find that the defendant would continue to stalk the plaintiff.

(*One judge dissenting*)

Argued April 7—officially released October 19, 2021

*Procedural History*

Application for an order of civil protection, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the court, *Hon. Edward R. Karazin, Jr.*, judge trial referee, rendered judgment granting the application, from which the defendant appealed to this court. *Reversed*; *judgment directed.*

*Stephen A. Lebedevitch*, for the appellant (defendant).

*Harold R. Burke*, for the appellee (plaintiff).

*Opinion*

ALEXANDER, J. The defendant, J. D., appeals from the judgment of the trial court granting the application for an order of civil protection for the plaintiff, S. B-R. On appeal, the defendant claims that the court erred in finding that there were reasonable grounds to believe that he committed acts of stalking and would continue to stalk the plaintiff. We agree with the defendant that the court abused its discretion when it issued the order of civil protection because (1) it did not apply an objective standard in its determination of "reasonable fear" on the first element of stalking, and (2) there was insufficient evidence on the second element to conclude that the defendant would continue to stalk or to commit acts designed to intimidate or retaliate against the plaintiff. Accordingly, we reverse the judgment of the trial court and remand this case with direction to vacate the order of civil protection.

The following facts and procedural history are relevant to this appeal. The parties were classmates at a community college. Text messages and e-mails between the plaintiff and the defendant, sent between February 28 and March 3, 2019, demonstrate the relationship between the parties prior to late February, 2019. In an e-mail sent to the plaintiff during this period, the defendant wrote that, "[i]n the fall when you asked me to help you study I poured in hours many into preparation." In a text message sent from the plaintiff to the defendant she indicated, "I'm sorry [J. D.] but I think you just blew the friendship we had." After the defendant responded with multiple text messages to the plaintiff, apologizing, the defendant wrote, "I hate myself for this sorry. I'm shit. Good luck on your exams." When the plaintiff sent another text where she again indicated that she did not want to be "friends," the defendant responded to this text: "[Okay]. I didn't think you'd read the e-mails. We are done. Please read the cheat sheet I sent you."

Between February 28 and March 3, 2019, the defendant made disturbing comments to the plaintiff in person, over e-mail, and through text messages. Specifically, on February 28, 2019, the defendant made a comment to the plaintiff regarding her breasts, and, on March 1, 2019, the defendant sent an e-mail to the plaintiff stating: "Honestly I want to jump on your back a little a rage and that would be dumb." Thereafter, the plaintiff falsely told the defendant that she was going to get married so that he would stop communicating with her. On March 3, 2019, the defendant sent the plaintiff an "absurd amount of e-mails," complaining, in part, about how the plaintiff's marriage would "interfere between us"[1] and also a text message wherein he expressed suicidal thoughts. After March 3, 2019, there were no communications of any nature between the parties.

On or about July 8, 2019, the plaintiff filed an application for an order of civil protection, pursuant to General Statutes § 46b-16a.[2] A hearing on the application was held on July 22, 2019. At the conclusion of the hearing, the court issued an oral decision granting the order of civil protection. The court's decision reads:

"The Court: Okay. I remember in law school—and I'll date myself when I give you this example—but the question was, could Whistler's Mother assault Muhammad Ali? He was our golden person, Olympic champion heavyweight boxer, and, Whistler's Mother was a little old [lady] in a portrait, rocking in a chair. And, the quick answer was how could that be? And, the test of an assault did not require physical contact, the apprehension was enough. So, if there was apprehension by Muhammad Ali from her then, that would be an assault. And, the test here [is] not what [the defendant's] thoughts are and his actions, but rather [the plaintiff's] apprehension.

"Statute is very clear that indicates that such person causes reasonable fear—the conduct of the defendant causes reasonable fear for the physical safety. So she's made it very clear she's very apprehensive, her conduct on the stand indicated she's reliving some of these things. *Things which depending on your level of threshold and thickness of skin become more or less significant.* But, it's very clear that this is very upsetting to her, and it's affected her ability to carry on life's activities.

"So the court finds that a restraining order will issue. The [defendant] shall not assault, threaten, abuse, harass, follow, interfere with, or stalk her. The [defendant] shall stay away from her home or wherever she shall reside. The [defendant shall] not contact in any matter, including written, electronic, or telephone contact. And not contact home, workplace, or others with whom the contact would likely cause annoyance or alarm to her. I'm going to order the [defendant] stay 100 [yards] away from her." (Emphasis added.)

On July 29, 2019, the defendant filed a motion to reargue pursuant to Practice Book § 11-12. The court summarily denied the defendant's motion. This appeal followed.[3]

On appeal, the defendant argues that the court abused its discretion in issuing the order of civil protection because "the [c]ourt failed to find that the actions of the defendant met the elements of the stalking statute" and because the court "failed to find that [the defendant's] actions were likely to continue in the future." In particular, the defendant argues that the court improperly focused on the plaintiff's "apprehension," while ignoring the continuation requirement set out in § 46b-16a (b). We agree with the defendant that the court abused its discretion in issuing the order of civil protection because the court did not apply an objective

standard in finding that the plaintiff's fear was reasonable and because there was insufficient evidence to conclude that the defendant would continue to stalk or to commit acts designed to intimidate or retaliate against the plaintiff.

"We begin our analysis by setting forth the relevant legal principles and applicable standard of review. We apply the same standard of review to civil protection orders under § 46b-16a as we apply to civil restraining orders under General Statutes § 46b-15. Thus, we will not disturb a trial court's orders unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion . . . we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . Our deferential standard of review, however, does not extend to the court's interpretation of and application of the law to the facts. It is axiomatic that a matter of law is entitled to plenary review on appeal." (Internal quotation marks omitted.) *C. A.* v. *G. L.*, 201 Conn. App. 734, 738–39, 243 A.3d 807 (2020).

Section 46b-16a provides in relevant part: "(a) Any person who has been the victim of . . . stalking may make an application to the Superior Court for relief under this section . . . . (b) . . . If the court finds that there are reasonable grounds to believe that the respondent has committed acts constituting grounds for issuance of an order under this section and will continue to commit such acts or acts designed to intimidate or retaliate against the applicant, the court, in its discretion, may make such orders as it deems appropriate for the protection of the applicant. . . ."

In order for a court to issue an order of civil protection under § 46b-16a on the basis of stalking, it must find that there are reasonable grounds to believe that the defendant both stalked the plaintiff and will continue to commit such acts. See *C. A.* v. *G. L.*, supra, 201 Conn. App. 740; see also *Kayla M.* v. *Greene*, 163 Conn. App. 493, 506, 136 A.3d 1 (2016) ("an applicant for a civil protection order on the basis of stalking pursuant to § 46b-16a must prove only that there are reasonable grounds to believe that every element is met and that such conduct will continue" (internal quotation marks omitted)). If a court issues an order without a proper finding or without sufficient evidence to support such a finding, as to either stalking or the continuation of such acts, it will constitute an abuse of discretion.

See *C. A.* v. *G. L.*, supra, 739.

We begin with the trial court's determination on the first element of the statute, specifically, that the defendant's conduct caused the plaintiff to reasonably fear for her safety. We conclude, after a thorough review of the record, that the court failed to conduct the necessary analysis when it applied only the subjective standard of apprehension of fear, taken from a definition of assault, rather than the required subjective-objective standard of reasonable fear.

Section 46b-16a (a) defines stalking as "two or more wilful acts, performed in a threatening, predatory or disturbing manner of: Harassing, following, lying in wait for, surveilling, monitoring or sending unwanted gifts or messages to another person directly, indirectly or through a third person, by any method, device or other means, that causes such person to reasonably fear for his or her physical safety." "The standard to be applied in determining the reasonableness of the victim's fear in the context of the crime of stalking is a subjective-objective one. . . . As to the subjective test, the situation and the facts must be evaluated from the perspective of the victim, i.e., did she in fact fear for her physical safety. . . . If so, that fear must be objectively reasonable, i.e., a reasonable person under the existing circumstances would fear for his or her personal safety."[4] (Citations omitted; internal quotation marks omitted.) *C. A.* v. *G. L.*, supra, 201 Conn. App. 740.

In its analysis, the court began with an anecdote, asking, "could Whistler's Mother assault Muhammad Ali?" The court provided the hypothetical analogy in order to set up a test of subjective apprehension in relation to the defendant's actions, rather than applying the subjective-objective standard required by § 46b-16a (a). See *C. A.* v. *G. L.*, supra, 201 Conn App. 740. In applying this logic, the court diluted the necessary finding that the "reasonable fear" be both subjectively and objectively reasonable and, instead, determined that the plaintiff's subjective "apprehension" was sufficient to make the necessary determination for stalking. The court continued to use only a subjective standard wherein it expressly found that "it's very clear that this is very upsetting to her." Further, that use was apparent when the court stated that the plaintiff's apprehension is dependent "on [a person's] level of threshold and thickness of skin . . . ."

Although the trial court's discussion can be construed as finding that the plaintiff was subjectively in fear for her safety, the trial court failed to determine whether the plaintiff's "apprehension" was *objectively* reasonable. As a result of the court's failure to apply the correct standard, it abused its discretion in issuing the protective order.

In addition to applying an improper analysis on the

reasonable fear prong, the court failed to make a finding that the defendant would continue to commit acts of stalking against the plaintiff. At the hearing on the plaintiff's application for an order of civil protection in July, 2019, the plaintiff presented no evidence that the defendant would continue to stalk her. The plaintiff testified that there had been no communications between the defendant and her since March 3, 2019. The defendant testified that at some point after March 3, 2019, he dropped all of his classes and withdrew from the community college for that semester. He further testified that in mid-April, 2019, he saw the plaintiff from a distance on the campus and walked away without contacting or communicating with her. Moreover, the defendant clearly conveyed to the plaintiff by both text messages and e-mails that he understood that their friendship was over and that he would cease communication with her. Although there was testimony that both parties would be returning as students to the community college in the fall of 2019, this evidence alone does not establish reasonable grounds for the court to find that the defendant would continue to commit such acts of stalking or acts designed to intimidate or retaliate against the plaintiff.

Although we recognize that "the court is presumed to know the law and apply it correctly to its legal determinations"; *Iacurci* v. *Sax*, 139 Conn. App. 386, 396, 57 A.3d 736 (2012), aff'd, 313 Conn. 786, 99 A.3d 1145 (2014); the court's decision is devoid of the necessary finding that the defendant would continue to stalk the plaintiff. Moreover, the court made no reference to any testimony or exhibits in support of its findings. The court's singular mention of "statute" relates only to whether the defendant's actions caused the plaintiff "reasonable fear." Thus, the court's analysis is limited to only the first element of whether the defendant "stalked" the plaintiff and does not reveal that the court considered the second element, as required by the relevant statute.

In *Kayla M*. v. *Greene*, supra, 163 Conn. App. 506, this court explained that "an applicant for a civil protection order on the basis of stalking pursuant to § 46b-16a must prove only that there are '*reasonable grounds to believe' that every element is met and that such conduct will continue*." (Emphasis added.) In the present case, the court failed to make the requisite findings pursuant to the statute by limiting its analysis to "reasonable fear"—an analysis that was itself incorrect.

The dissent concludes that "[the defendant's] testimony that he never thought about hurting anyone else is not credible" and that this overall lack of credibility supports a finding of continuing conduct. The dissent makes this credibility determination even though the trial court made no findings as to the credibility of the defendant. Rather, the trial court was clear that "the

test [it applied] here [was] not what [the defendant's] thoughts are and his actions, but rather [the plaintiff's] apprehension.'' The trial court, therefore, made no determination as to the defendant's thoughts, actions, or credibility and found such considerations to be irrelevant.

Given the dearth of evidence on the critical factual question of whether the defendant would continue to stalk the plaintiff, we conclude that the court could not reasonably find that the continuing conduct element of § 46b-16a was proven. We therefore conclude that the court abused its discretion in issuing an order of civil protection for the plaintiff against the defendant.

The judgment is reversed and the case is remanded with direction to vacate the order of civil protection.

In this opinion, ALVORD, J., concurred.

* In accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2018); we decline to identify any party protected or sought to be protected under a protective order or a restraining order that was issued or applied for, or others through whom that party's identity may be ascertained.

[1] The e-mail from the defendant to the plaintiff reads: "I'm sorry. I didn't mean to act rude. I'm sorry for being a bad friend. I was self-conscious because I wasn't a great friend for you, which is my fault. I believed our friendship would've ended anyways, because maybe marriage would've separated us."

[2] The plaintiff had attempted twice prior to serve the defendant with notice of the application for a civil protection order, however, those attempts failed because the defendant could not be located. The plaintiff was able to serve the defendant on her third attempt with the assistance of a private investigator.

[3] Following the filing of this appeal, the defendant filed a motion requesting the court to enforce an automatic stay. On August 23, 2019, after hearing arguments from both the defendant and the plaintiff, the court terminated the stay. On August 27, 2019, the defendant filed a motion for review of the termination of the stay with this court, which granted review but denied the requested relief. On August 27, 2019, the defendant filed a motion for articulation, which the trial court denied on December 9, 2019. The defendant filed a motion for review of the denial of his motion for articulation with this court, which granted review but denied the requested relief.

[4] A previous revision of § 46b-16a had no subjective requirement, only requiring that a defendant's conduct cause a "reasonable person to fear." See *C. A.* v. *G. L.*, supra, 201 Conn. App. 740 n.6.